Parker, J.
In expressing the opinion which I have formed in this case after long consideration, I do not mean to enter at large upon the various topics discussed with so much ability by the counsel who argued it, but merely to state the grounds of my judgment, that the decree ought to be affirmed.
Lord Fairfax, by his will, bequeathed to his nieces Frances Martin, Sybella Martin and Ann Susanna Martin, and to each and every of them living at his death, an annuity of ¿£100. sterling during their and each of their natural lives, and charged his land devised to his nephew Denny Martin with the payment. This will is dated in 1777. By a codicil thereto, dated the 27th of November 1779, he made some provision for Bryan Fairfax, and after reeding the bequest of the annuities aforesaid, he. adds, “I do hereby devise and bequeath that upon the death of Frances Martin, her annuity of ¿£100. be given and continued to the second child of the aforesaid Bryan Fairfax, during his or her natural life: and that upon the death oí' Sybella Martin, the annuity of ¿£ 100. sterling bequeathed to her be given and continued to the third child of the aforesaid Bryan Fair-fax, during his or her natural life : and further, that upon the death of my other niece Ann Susanna Marlin, the annuity of £ 100. sterling bequeathed to her be given and continued to the fourth child of the said Bryan Fairfax, during his or her natural life.”
At the date of the will and codicil and at the death of the testator, Bryan Fairfax had five children living; and at those periods, William, Ferdinando and Elizabeth answered the description of his second, third and fourth children. But at the. death of Ann Susanna Martin in 1817, the wife of the complainant answered the deserip *90 tion of Bryan Fairfax's fourth child, in consequence of death of some of his other children; and in this character she claims the annuity of £ 100. sterling bequealhed to the said Ann Susanna. The question therefore is between a child of Bryan Fairfax answering the description at the date of the codicil and at the death of the testator, and another child answering the description at the death of the annuitant; and it is a question purely of intention. The only rule of law which seems to be applicable to the subject is this; that in general the courts are inclined to favour the vesting of legacies or other gifts, as soon as the words of the instrument will admit of it: and where lands are charged, there is good reason for this rule, in order that the precise nature of the charge may be understood, and the rights of property ascertained. If the intent, however, be apparent on the face of the will, neither the technical rule respecting the early vesting of an estate, nor possible inconveniences arising from a literal adherence to such intention, are to be regarded. We are not warranted (as lord FUerihorough expressed himself in Driver v. Frank, 3 Mau. & Selw. 25.) in making another will for the testator than that which he has actually made for himself, because inconveniences not foreseen or provided against might, in a certain state of events, result from the will which has been made: although (in the language of another eminent judge on the same occasion) the case is very different where the intention is not fully expressed, but is to be collected and inferred as onl}’ probable. In that case the probability, from which the intention is to be inferred, may be outweighed by the improbability that the testator could intend to make a distribution of his property, attended with such inconveniences as would follow from carrying into effect his supposed intention. And to this extent only can we give weight to the argument founded, in this case, on the difficulty, confusion and injustice which might result, if it should *91 be considered that the persons who were to take these several annuities were not determinate until the deaths of the first annuitants.
In ascertaining the intention of lord Fairfax, we must remember that he was not standing in loco parentis to the children of Bryan Fairfax; that Bryan Fairfax was but distantly related to him ; that the testator was probably acquainted with the four eldest children of Bn/aa Fairfax some time before the date of his will and codicil, and with no other child, Robert the youngest being then an infant of tender years; that Bryan Fairfax was, at the date of the codicil, almost certainly a widower; and that no general intent appears, to provide for all the children of Bnjan Fairfax, but only for his second, third and fourth. If we ascertain what children were in the contemplation of the testator, as sustaining the character of second, third and fourth child, no difficulty can arise about the time at which the gift vested; for it cannot admit of a doubt, that where a legacy is given to one for life, and after his decease to a determinate child of another, or to younger children generally, it vests at the death of the testator, and is not postponed till the death of the tenant for life, when the estate is to come into possession. Lady Lincoln v. Pelham, 10 Ves. 166.
In the case before the court, the testator has not clearly indicated the period when the* right to the annuities should vest in interest, in the second, third and fourth child of Bryan Fairfax. But the circumstances under which he made his will, and the state of Bryan Fairfax and his family at the lime, render, it highly probable that he looked only to the second, third and fourth child at the dale of the bequest, or at the lime of his own death. The expressions his or her certainly prove that he contemplated the possibility of the second, third or fourth child being male or female, at the lime of enjoying the annuity; but the chancellor has properly remarked that the necessity for the use of these terms *92 equally existed, whatever time he looked to as ascerlaining the persons to take. If that time was to be the period of his own death, Elizabeth the fourth child might, by the death of hei brothers, become the second or third, R°bert be substituted in her place. There being then no clear intent manifested on the face of the will, and the circumstances shewing that lord Fairfax more probably designed to benefit the children known to him and then in esse, answering the description, than children to be born at a future period ; and this construction coinciding with the principle established by this court in the case of Hansford & ux. v. Elliott et al. on the authoritjr of Doe d. Long v. Prigg, 8 Barn. & Cres. 231. that where no special intent to the contrary is manifested, the vesting of legacies shall be referred to the death of the testator, and not to the lime of distribution and payment; and being, as I think, further supported by the case of Driver v. Frank, 3 Mau. & Selw. 25. S. C. 6 Price 41.—I am of opinion that the second, third and fourth child of Bryan Fairfax at the death of the testator, were entitled in interest to the annuities; an interest which, though contingent, and not transmissible to representatives, wras valuable and saleable, and therefore to be noticed and protected by this court.
The decree is to be affirmed.
The other judges concurred. Decree affirmed.